NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL SIMS, et al., | CIVIL ACTION NO. 16-1129 (MLC) |
| Plaintiffs, | **MEMORANDUM OPINION** |
| v. | |
| WELLS FARGO BANK, N.A., | |
| Defendant. | |

**THE PLAINTIFFS**, Paul Sims and Amanda Sims ("the Simses"), brought this action ("Simses Action") to recover damages for fraud, breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment in New Jersey Superior Court, Monmouth County ("Monmouth Court") against the defendant, Wells Fargo Bank, N.A. ("WFB"). (See dkt. 1-1.) WFB removed the Simses Action pursuant to 28 U.S.C. § 1332(a). (See dkt. 1.) For the reasons that follow, this Court intends to remand the Simses Action.

**THE SIMSES** allege that WFB acted in a fraudulent manner and without authority by: (1) commencing an earlier, separate foreclosure action against them in Monmouth Court ("Foreclosure Action") concerning their loan linked to their real property; and (2) ultimately securing a judgment ("State Foreclosure Judgment") in the Foreclosure Action. (See dkt. 1-1 at 7–9, 13.)

**THIS COURT'S REVIEW** of the Monmouth Court docket for the Foreclosure Action reveals that: (1) the Foreclosure Action was commenced in 2009; (2) the Foreclosure Action has been actively litigated; (3) the Monmouth Court indeed issued a judgment therein; and (4) the Simses have an appeal pending from that judgment. See N.J. Superior Ct. Monmouth Cty. No. F-31203-09.

**THIS COURT** must refrain from entertaining the requests for relief brought in the Simses Action pursuant to the Rooker-Feldman doctrine,[1] as granting any of those requests could effectively reverse the decisions, directly or indirectly invalidate the determinations, or void the rulings issued by Monmouth Court in the Foreclosure Action. See Moncrief v. Chase Manhattan Mortg. Corp., 275 Fed.Appx. 149, 152–53 (3d Cir. 2008) (affirming judgment dismissing claims attacking merits of separate state-court foreclosure action, inter alia, as barred by Rooker-Feldman doctrine); Ayres-Fountain v. E. Sav. Bank, 153 Fed.Appx. 91, 92 (3d Cir. 2005) (instructing district court to dismiss claims concerning separate state-court foreclosure action under Rooker-Feldman doctrine); see also El Ali v. Litton Loan Serv'g, 217 Fed.Appx. 115, 116 n.1 (3d Cir. 2007) (dismissing appeal from order that dismissed claims concerning separate state-court foreclosure action, inter alia, as barred by Rooker-Feldman doctrine); Shih-Ling Chen v. Rochford, 145 Fed.Appx. 723, 725 (3d Cir. 2005) (same).

---

[1] See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 414–16 (1923).

**IT IS** of no moment that Monmouth Court is a lower state court. See E.B. v. Verniero, 119 F.3d 1077, 1090 (3d Cir. 1997) (stating Rooker-Feldman doctrine bars federal court from reviewing lower state-court decision); Port Auth. Police Benevolent Ass'n v. Port Auth. of N.Y. & N.J. Police Dep't, 973 F.2d 169, 177–78 (3d Cir. 1992) (same). The proper disposition of the Simses Action is a remand. See State Farm Indem. v. Fornaro, 227 F.Supp.2d 229, 241–42 (D.N.J. 2002) (remanding action under Rooker-Feldman); see also GRP Loan v. Vaneck, No. 08-375, 2008 WL 2902607, at *1 (D. Conn. July 24, 2008) (same); Mortg. Elec. Registration Sys. v. Cromwell, No. 05-140, 2005 WL 2234041, at *1 (N.D. Fla. Sept. 13, 2005) (same). Thus, the Simses Action should be remanded for further proceedings in Monmouth Court.

**THIS FEDERAL DISTRICT COURT** is also without authority to review and adjudicate issues that have arisen in Monmouth Court in the separate Foreclosure Action. See Francis v. TD Bank, N.A., 597 Fed.Appx. 58, 61 (3d Cir. 2014) (affirming dismissal of borrower's claims alleging misconduct by bank in bringing a separate state-court action for foreclosure, and citing Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281 (1970), and In re Grand Jury Proceedings, 654 F.2d 268 (3d Cir. 1981)). Thus, the Simses Action should be remanded for any further proceedings on this ground as well.

**THE FORECLOSURE ACTION** may also be considered to be ongoing, because: (1) the Simses have an appeal pending therein; and (2) the Simses Action and

the Foreclosure Action could have been consolidated absent the removal by WFB.  Thus, this Court should abstain from exercising jurisdiction over the Simses Action pursuant to the Younger abstention doctrine.  See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982); Younger v. Harris, 401 U.S. 37, 43–54 (1971).  This Court should not interfere with the ongoing Foreclosure Action by addressing any of the claims in the Simses Action.  See Cunningham v. JP Morgan Chase Bank, 537 Fed.Appx. 44, 44–45 (3d Cir. 2013) (affirming dismissal of claims in federal court alleging there were instances of misconduct in a separate state-court action where foreclosure was a possibility); Gray v. Pagano, 287 Fed.Appx. 155, 157–58 (3d Cir. 2008) (dismissing complaint filed in connection with ongoing state-court foreclosure action, inter alia, as barred by Younger abstention).  The Simses Action should be remanded for any further proceedings on this ground as well.

    **THIS COURT** intends to remand the Simses Action to Monmouth Court for any further proceedings.  The Court will issue an appropriate order and judgment.

    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

**Dated:**  March 7, 2016